UNITED STATES DISTRICT COURT            FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

DEPARTMENT OF HOMELESS SERVICES;
NYC CIVIL COURT/HOUSING PART;
STATE OF NEW YORK; MARIAN
MOORER, DHS Program Administrator; S.
GARCIA, DHS Peace Officer; JANE DOE,
DHS Peace Officer; JOHN DOE, DHS Peace
Officer; KURT SCHREIBER, Corporation
Counsel DHS; LOUIS VILLELLA, Court
Administrator/NYC Housing Court,

                        Respondents,

           - versus -

SYDNEY HENSON-BEY,

                         Petitioner.

MEMORANDUM
AND ORDER

15-CV-1304 (JG)(LB)

JOHN GLEESON, United States District Judge:

On March 10, 2015, Sydney Henson-Bey, proceeding *pro se*, filed a notice of removal regarding a summons issued to him by the Department of Homeless Services and a pending housing court case in the Civil Court of the City of New York, Housing Part, Index Number #13604. Henson-Bey's submission did not include a filing fee or a request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. Nor did it contain the requisite "copy of all process, pleadings, and orders served upon such defendant" in the civil action he seeks to remove from state court. *See* 28 U.S.C. § 1446. By letter mailed March 16, 2015, Henson-Bey was provided with an IFP form and instructed that in order to proceed, he must return the completed IFP request or the $400 filing fee, along with the state court documents within 14 days from the date of the letter. ECF No. 2. On April 6, 2015, Henson-Bey provided an

1

"Affidavit of Fact" in lieu of the IFP request along with documents from the Housing Part of the Civil Court of New York, County of Queens, Index Number 13604/14, in which he is the petitioner. ECF No. 4. On July 21, he submitted a "Notice of Default Judgment." Henson-Bey's application to proceed IFP is denied as set forth below and the action is dismissed.

DISCUSSION

A.  *Filing Fee*

Under 28 U.S.C. § 1914(a), the filing fee to commence a civil action is $350, plus an additional cost of $50, for a total of $400. Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding a plaintiff indigent. *Fridman v. City of New York,* 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002) ("Leave to proceed in forma pauperis may be granted 'in any suit, action or proceeding, civil or criminal, or appeal therein' to a litigant who 'submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefore.'" (quoting 28 U.S.C. § 1915(a)(1)). "The decision of whether to grant a request to proceed *in forma pauperis* is left to the District Court's discretion under § 1915." *Id.*

In his "Affidavit of Fact," Henson-Bey objects to the request for financial information, and maintains that, as a Moorish National, his only requirement under the United States Constitution is to provide that he "does not have, or possess, any gold or silver coins." ECF No. 4 at 3. It is not Henson-Bey's "prerogative to decide what is or is not relevant information to disclose on [his] IFP application." *Chriswell v. Big Score Entertainment, LLC*, No. 11-CV-861, 2013 WL 3669074, at *3 (N.D. Ill. July 12, 2013) (citing *Moorish Nat'l Republic v. City of Chicago*, No. 10-C-1047, 2011 WL 1485574, at *4 (N.D. Ill. Apr. 18, 2011)). "By censoring what financial information to present," Henson-Bey has "thwart[ed] the purpose

2

of the IFP application." *Id.* I conclude that Henson-Bey's financial declaration, in which the only financial information provided, is that he does not have any gold or silver coins, does not support a finding of indigency. Accordingly, Henson-Bey's IFP application is hereby denied and the action is dismissed without prejudice.

B.      *Deficiencies of the Removal Petition*

In addition, the petition for removal is defective. The federal removal statute, 28 U.S.C. § 1446(b), states in relevant part as follows:

> The notice of removal of a civil action or proceeding shall be filed *within 30 days* after the receipt by *the defendant*, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b) (emphasis added). The Supreme Court has held that "statutory procedures for removal are to be strictly construed," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), "because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *In re NASDAQ Mkt. Makers Antitrust Litig.*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996).

Here, among the problems with Henson-Bey's removal petition are: (1) according to the papers he has submitted, he is the petitioner, not the defendant (or respondent) in the underlying housing court action; (2) most of the parties he has named in this action are not parties in the underlying state action; and (3) the underlying state court action he seeks to remove was initiated in October 2014, and since Henson-Bey clearly had a copy of the initial pleading because he filed it, it was filed in this Court well beyond the 30 day window to remove the action; and (4) he has not alleged a basis for this Court's jurisdiction. 28 U.S.C. § 1441. Thus, even if plaintiff's request to proceed *in forma pauperis* had been granted or he had paid the filing

fee, Henson-Bey's notice of removal is insufficient to invoke the jurisdiction this Court and this action would be remanded to state court pursuant to 28 U.S.C. § 1447.

CONCLUSION

Accordingly, I deny Henson-Bey's application to proceed *in forma pauperis* because I find that his financial declaration does not support a showing of indigency and dismiss the action without prejudice. The Clerk of Court is respectfully directed to send a copy of this Order to the Clerk of Court for the Civil Court of the City of New York, Queens County, Housing Part, 89-17 Sutphin Boulevard, Jamaica, New York 11435. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: September 26, 2015
       Brooklyn, New York